JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-1274 PA (PLAx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | James Elliott v. Citimortgage, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Citimortgage, Inc. ("Defendant"). (Docket No. 1.)  In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff James Elliott ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.  Complete diversity must exist both when the complaint is filed and when the action is removed.  See Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1274 PA (PLAx) | Date | February 26, 2015 |
|---|---|---|---|
| Title | James Elliott v. Citimortgage, Inc., et al. | | |

      The Notice of Removal alleges that, "at the time of filing the Action, Plaintiff was a resident of the State of California. (See Complaint attached as Exhibit '1,' ¶ 1.) Therefore, Plaintiff is deemed a citizen of the State of California for purposes of diversity citizenship jurisdiction." The Complaint alleges simply that, "[a]t all times material, Plaintiff JAMES ELLIOTT . . . was a resident of the County of Los Angeles, California." Because residence is not the same as citizenship, the Notice of Removal's allegation regarding Plaintiff's residence is insufficient to establish Plaintiff's citizenship. Moreover, although Defendant states Plaintiff's place of residence "at the time of filing the Action," the Notice of Removal is silent with respect to Plaintiff's current residence or citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." See Strotek, 300 F.3d at 1131; see also Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

      For all of the foregoing reasons, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC569874. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.